# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00334-CV

---

**Paul O'Brien, Appellant**

**v.**

**Tiffanie O'Brien, Appellee**

---

**FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY,
NO. D-1-FM-22-005157, THE HONORABLE LAURIE EISERLOH, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

For the reasons explained below, we abate this appeal of the trial court's final decree of divorce. Appellee Tiffanie O'Brien has filed a "motion to remand" requesting that we remand this case to the trial court for a hearing on her motion to modify the temporary order previously issued by the trial court. *See* Tex. Fam. Code § 109.001(b-4) (permitting modification under certain circumstances of previous temporary order rendered under Section 109.001, which governs temporary orders during pendency of appeal). The trial court signed an "Order on Motion for Temporary Orders Pending Appeal" on July 11, 2025. In that July order, the trial court required the parties to attend mediation no later than September 15, 2025. In addition, the trial court made the following orders:

- Appellant Paul O'Brien "is to be current on his child-support obligation to Tiffanie" and "to pay all arrearages to Tiffanie" by July 25, 2025.[1]

- Paul "is to immediately transfer the 529 plans for the children to Tiffanie" pursuant to the divorce decree.

- After an exchange of documentation by the parties regarding other amounts owed by Paul to Tiffanie under the divorce decree to be complete by July 16, 2025, Paul "shall either tender payment, get on a payment plan or notify opposing counsel of any disagreement with the outstanding balances presented by Tiffanie."

- Paul "shall pay to Tiffanie O'Brien's attorney $7,500 in attorneys' fees on or before July 25, 2025."

The trial court further "ORDERED AND DECREED that all other requested relief by the parties is *hereby recessed and reserved without prejudice* until after mediation or further order of this Court." (Emphasis added.)

After an unsuccessful mediation, Tiffanie filed a "First Amended Motion to Modify Temporary Orders Pending Appeal." In this motion to modify, Tiffanie explained that in her initial motion for temporary orders, she had requested that the trial court "render a temporary order as considered equitable and necessary for the preservation of the property and for the protection of the parties and to preserve and protect the safety and welfare of the children during an appeal." She reiterated her requests for an order as follows:

- Requiring support of Tiffanie.

- Requiring Paul to pay her "reasonable and necessary attorney's fees and expenses."

- Requiring Paul to provide an appropriate amount of security for the appeal if he asks the trial court to suspend enforcement of the property division.

---

[1] For clarity, we refer to the parties by their first names.

- Ordering Paul "to provide support for the children, including the payment of child support and medical and dental support in the manner specified by the Court, while the appeal is pending."

The trial court conducted a hearing on Tiffanie's motion to modify.[2] At the hearing, Tiffanie's counsel summarized for the trial court the orders made at the initial temporary hearings, including a lump-sum payment to be made by Paul toward his child-support arrearage and payments to be made to the children's orthodontist and therapist, as well as "some interim attorneys' fees to deal with the mediation." Tiffanie's counsel also represented to the trial court that since the unsuccessful mediation and reinstatement of this appeal, Paul had incurred a further child-support arrearage. In addition, Tiffanie's counsel informed the court that although Tiffanie had complied with the order requiring her to provide documentation regarding other amounts owed by Paul to Tiffanie under the divorce decree, Paul had failed to comply with the part of the order requiring him to "either tender payment, get on a payment plan or notify opposing counsel of any disagreement with the outstanding balances presented by Tiffanie."

Tiffanie's counsel specified that Tiffanie is requesting that the court set child support for the remaining minor child at $748.66, which is 20% of Paul's net monthly resources, which were established in the findings of fact as $3,743.31. Tiffanie is further requesting that Paul be ordered to pay temporary support of $3,000 per month, based on his failure to pay certain bills that he had been ordered either to pay or split with Tiffanie. Tiffanie's counsel further itemized the attorneys' fees that she is seeking:

- $16,085 (payable by February 15) for a case (brought by Paul's parents) related to the parties' marital residence;

___

[2] Tiffanie's trial counsel represented her at this hearing, but Tiffanie is acting pro se on appeal.

3

- $12,495 (payable by February 15) to bring an enforcement action on the portions of the court's initial temporary orders that Paul failed to comply with; and

- $35,000 for appellate attorneys' fees with half of it to be used for custody issues and half of it to be used for property issues, with the half for the property issues being payable upon success at the court of appeals (and additional amounts for further appeal).

Tiffanie's counsel reiterated that Tiffanie also requests an order requiring Paul to post appropriate security if he seeks suspension of the enforcement of the property division or any part of the decree and an order enjoining him from disturbing the peace of a child or other party. Finally, he requested that the trial court grant "any other relief that [it] deems necessary given where we are today versus the circumstances where we were back in July."

In response, Paul's counsel argued that the trial court lacked jurisdiction to make new temporary orders because the statutory 60-day deadline to do so had passed. *See* Tex. Fam. Code § 109.001(b-2) ("The trial court retains jurisdiction to conduct a hearing and sign a temporary order under this section until the 60th day after the date any eligible party has filed a notice of appeal from final judgment under the Texas Rules of Appellate Procedure."). Paul argued any provisions that were not included in the original July 2025 temporary order pending appeal "cannot be visited in a modification," relying on this Court's decision in *Morris v. Veilleux*, No. 03-22-00178-CV, 2023 WL 8191911, at *3 (Tex. App.—Austin Nov. 28, 2023, no pet.) (mem. op.). After argument by both sides, the trial court ultimately agreed that Tiffanie's requested relief is "going to hit a jurisdictional problem."

This Court's decision in *Morris* does not preclude the trial court from modifying the existing temporary order. Subsection 109.001(b-3) establishes that "[t]he trial court retains jurisdiction to modify and enforce a temporary order under this section unless the appellate court, on a proper showing, supersedes the court's order." Tex. Fam. Code § 109.001(b-3).

4

Nothing in the statutory language limits a trial court's modification of a temporary order to the subject matter of provisions included in a previous temporary order. The only statutory limitation on the trial court's ability to modify a previous temporary order is found in Subsection 109.001(b-4):

> On the motion of a party or on the court's own motion, after notice and hearing, the trial court may modify a previous temporary order rendered under this section if:
>
> (1) the circumstances of a party have materially and substantially changed since the rendition of the previous order; and
>
> (2) modification is equitable and necessary for the safety and welfare of the child.

Tex. Fam. Code § 109.001(b-4).

We note that our decision in *Morris* was rendered under different circumstances. In that case, after the trial court signed the divorce decree and Morris appealed, appellee Veilleux "filed a motion requesting that the court render a temporary order requiring Morris to pay her 'reasonable and necessary attorney's fees and expenses pending appeal' as necessary to 'preserve and protect the safety and welfare of the children' during the appeal," but "[t] trial court denied Veilleux's request for a temporary order pending appeal." *Morris*, 2023 WL 8191911, at *3. The trial court stated in its order that it "maintains plenary power and reserves the right to award attorney's fees *after the ruling from the Court of Appeals*." *Id.* (emphasis added). After a first appeal by Morris in which we reversed the trial court's decision on the characterization of certain property and remanded to the trial court for a just-and-right division of the properly characterized community property, *id.* at *1, the trial court awarded Veilleux appellate attorneys' fees associated with Morris's appeal of the original judgment, *id.* at *3. The trial court stated in its

order "its finding that 'it is necessary to award [Veilleux] her attorneys' fees related to the appeal to preserve and protect the safety and welfare of the children.'" *Id.*

The problem with the trial court's order in *Morris* was that "the trial court purported to award attorneys' fees to Veilleux on the ground that they were necessary to 'preserve and protect the safety and welfare of the children'" *after the appeal had been disposed of. Id.* As we noted, "[S]ection 109.001 permits the trial court to make any order necessary to preserve and protect the safety and welfare of children *during the pendency of an appeal.*" *Id.* (citing Tex. Fam. Code § 109.001(a)). We explained that the trial court's order did not satisfy the statutory purpose for temporary orders:

> The plain purpose of the statute is to ensure that, while the appeal is pending, the children's safety and welfare is preserved and protected. An order awarding attorneys' fees after the appeal has been disposed of, and the trial court no longer retains jurisdiction, comes too late to protect and preserve the children's safety and welfare *during the appeal's pendency* and no longer serves the purpose underpinning the statutory authority for a trial court to render a temporary order pending appeal.

*Id.* In addition, we noted that Subsection (b-2) limited the time frame within which the trial court could issue initial temporary orders in the proceeding on appeal to sixty days from the date that Morris filed his notice of appeal. *Id.* Because the trial court's order was signed more than a year after Morris filed his notice of appeal, we concluded that the trial court had lost jurisdiction to award Veilleux attorneys' fees under Section 109.001. *Id.*

We also rejected Veilleux's argument that Morris was estopped from challenging the fee award based on the invited-error doctrine because he had requested that the trial court wait to award attorneys' fees after the conclusion of the appeal. *Id.* We explained that the invited-error doctrine applies only to non-jurisdictional defects, and that "Morris's own conduct

6

cannot be used as a basis on which to confer on the trial court subject-matter jurisdiction it does not otherwise have." *Id.*

Here, in contrast, the appeal is pending and was reinstated after the unsuccessful mediation. The trial court stated on the record that it had hoped that the mediation would resolve what it described as "the definition of a high-conflict divorce." However, the trial court's initial July 2025 temporary order appears to have expressly contemplated the possibility of a "material and substantial change in circumstances" if mediation was unsuccessful by "recess[ing] and reserv[ing] without prejudice" its consideration of all other requested relief until after mediation. *See In re G.D.P.*, No. 14-21-00593-CV, 2023 WL 4883235, at *4 (Tex. App.—Houston [14th Dist.] Aug. 1, 2023, no pet.) (mem. op.) ("In deciding whether a material and substantial change of circumstances has occurred, a trial court is not confined to rigid or definite guidelines. Instead, the court's determination is fact-specific and must be made according to the circumstances as they arise." (citation omitted)). On the facts and record present here, where the trial court issued an initial temporary order, and the appeal is still pending, the trial court does not lack jurisdiction to consider whether Tiffanie's motion to modify satisfies the requirements of Subsection 109.001(b-4).

The trial court's observation of the "lack of a level playing field" and the difference in representation between Paul, "who can afford six of the most expensive attorneys in town but [is] paying minimum child support," and Tiffanie, who has one attorney representing her in the trial court and is representing herself on appeal, persuades this Court that good cause exists to abate the appeal to afford the trial court the opportunity to reconsider its ruling on Tiffanie's motion to modify the temporary orders before briefing continues in this Court. *See* Tex. R. App. P. 2 (appellate court may suspend rule's operation in particular case and order

7

different procedure). Accordingly, because Tiffanie's motion to modify seeks, among other things, her "reasonable and necessary attorney's fees and expenses" and asserts that a temporary order is "equitable and necessary for the preservation of the property and for the protection of the parties and to preserve and protect the safety and welfare of the children during an appeal," we abate this appeal to allow the trial court to conduct another hearing in light of our confirmation of its jurisdiction to consider Tiffanie's motion to modify under Subsections 109.001(b-3) and (b-4).

Tiffanie shall submit a motion to reinstate the appeal or a status report concerning the status of her motion to modify accompanied by a motion to extend the abatement on or before June 1, 2026. The appeal will remain abated until further order of this Court.

It is so ordered on April 30, 2026.


Before Justices Triana, Kelly, and Ellis

Abated

Filed: April 30, 2026